```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


UNITED STATES OF AMERICA,      )
                               )
    Plaintiff,                 )
                               )
    v.                         ) No. 4:23-MJ-02188-JSD-2
                               )
                               )
JASON WILLIAM WALLIS,          )
                               )
    Defendant.                 )


                              HEARING

             BEFORE THE HONORABLE JOSEPH S. DUEKER
                 UNITED STATES MAGISTRATE JUDGE


                         NOVEMBER 2, 2023

APPEARANCES:

For Plaintiff:      Anthony L. Franks, Esq.
                    OFFICE OF THE U.S. ATTORNEY
                    111 South 10th Street, 20th Floor
                    St. Louis, MO 63102

For Defendant:      Beverly Ann Beimdiek, Esq.
                    FEDERAL PUBLIC DEFENDER
                    1010 Market Street, Suite 200
                    St. Louis, MO 63101

Recorded By:        C. Long

Transcribed By:     REAGAN A. FIORINO, RMR, CRR, CSR, CCR
                    Official Court Reporter
                    United States District Court
                    111 South 10th Street
                    St. Louis, MO 63102 | (314)244-7989


      PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING
      TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION
```

USA v. Wallis | 4:23-MJ-02188-JSD-2

| | |
|---|---|
| 1 | NOVEMBER 2, 2023 |
| 2 | (The proceedings commenced at 10:56 a.m.) |
| 3 | (The following proceedings were held in open court |
| 4 | with the defendant present:) |
| 5 | **THE COURT:**  We will go on the record.  This is |
| 6 | United States versus Jason William Wallis, |
| 7 | Cause No. 4:23-MJ-02188. |
| 8 | Defendant appears in person.  He is in the custody |
| 9 | of the United States Marshal.  Counsel also appear.  If they |
| 10 | can introduce themselves and whom they represent. |
| 11 | **MR. FRANKS:**  Good morning.  Anthony Franks for the |
| 12 | United States. |
| 13 | **MS. BEIMDIEK:**  Bevy Beimdiek from the Federal Public |
| 14 | Defender's office on behalf of Jason Wallis. |
| 15 | **THE COURT:**  Okay.  And good morning, Counsel.  The |
| 16 | record should reflect that the Court conducted an initial |
| 17 | appearance with counsel present.  Defendant waived his |
| 18 | identity hearing only.  The matter was set for preliminary |
| 19 | hearing on November 9th.  And I believe the matter was set for |
| 20 | a detention hearing today. |
| 21 | Counsel, defendant had indicated he was going to |
| 22 | retain counsel, but Ms. Beimdiek appears.  And, Ms. Beimdiek, |
| 23 | can you announce whether or not you represent the defendant at |
| 24 | this time or will it be private counsel? |
| 25 | **MS. BEIMDIEK:**  Your Honor, the Federal Public |

1  Defender's Office has been appointed, and I have entered my
2  appearance on behalf of Mr. Wallis.  He and his dad were not
3  able to arrange for the retention of private counsel.
4          **THE COURT:**  Okay.  And did I announce that
5  correctly; you waived the identity hearing?
6          **MS. BEIMDIEK:**  That's correct.
7          **THE COURT:**  And then I'm not sure we covered this,
8  but on the issue of the -- under Rule 5.1, he can request to
9  have the preliminary hearing here in this district as opposed
10 to the District of Columbia.  And what was your client's
11 position on that?  I don't know if there was a waiver -- was
12 there a waiver?
13         **MS. BEIMDIEK:**  No, we did discuss it, Your Honor,
14 and we had asked for a preliminary hearing, and the Court set
15 it for November 9th.
16         **THE COURT:**  Okay.  Perfect.  Thank you.
17             All right.  All right.  And I know he's not waived
18 his preliminary hearing.  But I do want to go over this with
19 you anyway, Mr. Wallis, just so you -- I fully advise you of
20 your rights, okay.  And I'm going to ask you to raise your
21 right hand, because your answers are going to be under oath.
22             Madam Clerk, can you administer the oath.
23             (Defendant sworn in by the clerk.)
24         **THE COURT:**  Okay.  Go ahead and state your name.
25         **THE DEFENDANT:**  Jason William Wallis.

USA v. Wallis | 4:23-MJ-02188-JSD-2

| | |
|---|---|
| 1 | **THE COURT:** Okay.  And do you dispute anything that |
| 2 | I've just stated on the record with your counsel? |
| 3 | **THE DEFENDANT:** No, Your Honor, I do not. |
| 4 | **THE COURT:** Okay.  All right.  So you waived your |
| 5 | identity hearing; right? |
| 6 | **THE DEFENDANT:** Yes, Your Honor. |
| 7 | **THE COURT:** Okay.  And we are here for a detention |
| 8 | hearing; is that correct? |
| 9 | **THE DEFENDANT:** I believe that's correct, yes, Your |
| 10 | Honor. |
| 11 | **THE COURT:** All right.  And that you did not waive |
| 12 | your right to have a preliminary hearing and that you wanted |
| 13 | to have it in this district; is that correct? |
| 14 | **THE DEFENDANT:** Yes, Your Honor. |
| 15 | **THE COURT:** All right.  So I just wanted to go over |
| 16 | it with you because there was a complaint filed in this case. |
| 17 | There has not been an indictment filed.  But I wanted to |
| 18 | advise you, because I don't think I did, that you are entitled |
| 19 | to that preliminary hearing to determine if there's probable |
| 20 | cause.  Do you understand that? |
| 21 | **THE DEFENDANT:** Yes. |
| 22 | **THE COURT:** And that if -- because you're detained, |
| 23 | the hearing needs to be set in 14 days.  Do you understand |
| 24 | that? |
| 25 | **THE DEFENDANT:** Yes, Your Honor. |

USA v. Wallis | 4:23-MJ-02188-JSD-2

1      **THE COURT:**  Okay.  If you are released on bond, the
2  hearing would need to be set in 21 days.  But in any event, we
3  know it's set on November 9th.  Right?  Is that correct?
4      **THE DEFENDANT:**  Yes, Your Honor.
5      **THE COURT:**  All right.  And then at the preliminary
6  hearing, the prosecutor has the burden of putting on
7  sufficient evidence to show probable cause to believe you
8  committed the crime charged in the complaint.  Right?
9      **THE DEFENDANT:**  Yes.
10      **THE COURT:**  And you understand the allegations in
11  the complaint.  Mr. Franks, at length, went over that
12  complaint with you.  Do you remember that?
13      **THE DEFENDANT:**  Yes, Your Honor, I do.
14      **THE COURT:**  And I believe you stated you understood
15  all of those charges?
16      **THE DEFENDANT:**  Yes, I do.
17      **THE COURT:**  Okay.  So he'd also have to -- he'd put
18  on witnesses.  So his showing of probable cause would be done
19  through witness testimony and exhibits.  Hearsay and other
20  summary forms of evidence may be used.  Do you understand
21  that?
22      **THE DEFENDANT:**  Yes, I do.
23      **THE COURT:**  And that you would have the right to
24  have your attorney, Ms. Beimdiek, with you, who can
25  cross-examine the prosecution witness; is that correct?

1       **THE DEFENDANT:**  Yes, Your Honor.

2       **THE COURT:**  And that you would be permitted to put
3  on testimony and evidence if you desired to do that.  Is that
4  correct?

5       **THE DEFENDANT:**  Yes.

6       **THE COURT:**  Okay.  And then the Court would then
7  decide whether or not there's probable cause to support the
8  charges.  Is that correct?

9       **THE DEFENDANT:**  Yes, Your Honor.

10      **THE COURT:**  All right.  And you understand all of
11 that?

12      **THE DEFENDANT:**  I believe I do, yes.

13      **THE COURT:**  Okay.  Do you have any questions about
14 any of that?

15      **THE DEFENDANT:**  No, Your Honor.

16      **THE COURT:**  All right.  So, Mr. Franks, it's the
17 Court's understanding that the government's position is
18 detention still; is that correct?

19      **MR. FRANKS:**  That is correct, Your Honor.

20      **THE COURT:**  And you're ready to proceed today?

21      **MR. FRANKS:**  I am.

22      **THE COURT:**  And, Ms. Beimdiek, it's my understanding
23 you are representing him and you wish to proceed today?

24      **MS. BEIMDIEK:**  Yes, Your Honor.

25      **THE COURT:**  Okay.  Whenever you're ready,

1  Mr. Franks, it's the Court's understanding you've got some
2  evidence with you.
3          **MR. FRANKS:**  Yes, Your Honor.
4          **THE COURT:**  Among other things.
5          **MR. FRANKS:**  Yes.  Before I get to the videos that I
6  wanted to play for the Court in support of detention.  First I
7  would like to address the pretrial services report.  They have
8  a recommendation that there are no conditions, a combination
9  of conditions that will reasonably assure the appearance of
10 the defendant, and as required -- and the safety of the
11 community -- the government has read this report and agrees
12 with their assessment and their recommendation that the
13 defendant be detained.
14         There are a couple of things that stood out to me
15 here.  One thing that I note is under the assessment of
16 nonappearance when interviewed, just a minor -- well,
17 character.  In context to the alleged violence and other
18 things that the defendant is alleged to have done, I didn't --
19 I wasn't aware of the orders of protections that -- protection
20 that had been filed three times against the defendant.  Once
21 in 1999 and two times in 2020.
22         And also just this week when the pretrial services
23 office interviewed the defendant, they have characterized him
24 as not being honest about his employment status which I guess
25 at some point the defendant may clarify but that is the --

1  their view of how he addressed them.
2          With regard to the assessment of danger, the
3  defendant is alleged here to have committed a crime of
4  violence.  It's a serious offense.  There are a number of
5  charges related to his conduct in Washington, D.C. on
6  January 6th.  He fought the police.  He thwarted them.  He
7  menaced them.  And he disobeyed their commands.  And he
8  actually threw a very heavy bike rack into them.
9          And with the Court's indulgence, may I approach and
10 play the videos.
11         **THE COURT:**  Yes, sir.  And just for the record, have
12 you had a chance to review the video, Ms. Beimdiek?
13         **MS. BEIMDIEK:**  I have, Your Honor.
14         **THE COURT:**  And do you have any objection to the
15 video?
16         **MS. BEIMDIEK:**  No, Your Honor.  I don't.
17         **THE COURT:**  Okay.  Thank you.
18         And the record should reflect that the bail report
19 was filed on October 31st.  And, Ms. Beimdiek, have you had a
20 chance to review it?
21         **MS. BEIMDIEK:**  I have.
22         **THE COURT:**  Okay.  Mr. Franks, do you have any
23 additions, corrections or changes to that report?
24         **MR. FRANKS:**  I do not, Your Honor.
25         **THE COURT:**  Okay.  If you do, Ms. Beimdiek, I will

1  give you an opportunity on your portion of this hearing to
2  address those, okay?
3          All right.  Mr. Franks, you may play the video.  And
4  I guess let's call it Exhibit 1.
5          **MR. FRANKS:**  Yes, Your Honor.  The first video that
6  the government will proffer is a video showing the north side
7  of the Capitol and the mob that was there and Mr. Wallis in
8  that mob of rioters.  He will appear at approximately
9  24 seconds into the video.  And I will stop the video at that
10 time.
11         (Video clip played in open court.)
12         **MR. FRANKS:**  So at this point these are police
13 officers.  I believe some from the United States Capitol
14 Police and there may also be some from the D.C. Metropolitan
15 Police Department.
16         **THE COURT:**  Okay.
17         **MR. FRANKS:**  Can you see and hear?
18         **THE COURT:**  It's not real clear from here either.
19 Can you see it, Ms. Beimdiek?
20         **MS. BEIMDIEK:**  We can.  And we did review it.  So
21 we're okay proceeding, even if we can't see it at our table.
22         **THE COURT:**  Okay.  Fair enough.
23         Are we on the record?  Okay.  Great.  Are we ready
24 to proceed?
25         **MR. FRANKS:**  Yes, Your Honor.

1              **THE COURT:**  Okay.  Go ahead.
2              (Video clip played in open court.)
3              **MR. FRANKS:**  So at this point the Court can note the
4     vast number of people who are protesting and rioting compared
5     with the number of officers who are at the Capitol at this
6     point.  We are at 37 seconds into this video.
7              (Video clip played in open court.)
8              **MR. FRANKS:**  At this point the police are
9     retreating.  And in the center of the video the man who is
10    holding his hands up to the military-style helmet with the
11    bandanna, right here where I'm pointing, and the backpack is
12    who is the defendant at this point.
13             (Video clip played in open court.)
14             **MR. FRANKS:**  The Court should also note that he has
15    a gas mask on, in contrast to a number of other people here
16    who do not, who are not dressed in that fashion.
17             (Video clip played in open court.)
18             **MR. FRANKS:**  That's just the context for what was
19    going on at the Capitol on January 6th.
20             I will move to what we'll characterize as Exhibit
21    No. 2.  This shows the defendant and the police.  The police
22    are continuing to retreat at this point.
23             **MS. BEIMDIEK:**  Judge, if I may just pose an
24    objection.  I don't have an objection to the government
25    playing the video.  I do object to the narration by the

1  government.  They don't have a witness to testify.  I -- my
2  understanding was these videos were just going to be played
3  and that's what I guess (undiscernible).
4         **THE COURT:**  As it relates to the objection, the
5  objection is sustained as to the narrative.  However, I do
6  think it is appropriate for Mr. Franks to point out -- the
7  Court will note that he did identify the defendant in the
8  video.  I think for purposes of this hearing, being a
9  detention hearing, I have no problem with that.
10        But, Mr. Franks, you are going to have to refrain
11 from, sort of, narrating as it has to be explained.  At the
12 end of the video, if you would like to make an argument, I
13 will give you that opportunity.
14        **MR. FRANKS:**  Okay.
15        **THE COURT:**  But then I don't -- she, Ms. Beimdiek,
16 you know, we can get into this, you know, narration back and
17 forth, okay.
18        **MR. FRANKS:**  Yes.
19        **THE COURT:**  All right.
20        **MR. FRANKS:**  I'm about to play what should be
21 characterized as Exhibit No. 2.  It's an open-source video of
22 actions that were happening at the Capitol on January 6th.
23        (Video clip played in open court.)
24        **MR. FRANKS:**  I'm stopping this video at 15 seconds.
25 This is a -- this person right here with the gas mask is

1 identified as the defendant.
2 (Video clip played in open court.)
3 **MR. FRANKS:** I've stopped the video there to
4 highlight what happened in the video at that point.
5 (Video clip played in open court.)
6 **MR. FRANKS:** I'm moving to Exhibit No. 3. This
7 video has no sound. This is a closed caption video from
8 inside the Capitol on January 6th, 2021. Before I start the
9 video, it's paused at about -- it says zero seconds. The
10 person who I'm pointing to in the video where the mouse is and
11 the person with the helmet is the defendant.
12 (Video clip played in open court.)
13 **MR. FRANKS:** I'm stopping the video there. The two
14 people who are facing the defendant, the government would
15 characterize those as police officers or law enforcement.
16 (Video clip played in open court.)
17 **MR. FRANKS:** The government stops the video at
18 25 seconds. The person where the mouse is pointed is the
19 defendant.
20 **MS. BEIMDIEK:** Judge, again, I'm going to object.
21 He has identified the defendant. I think this now constitutes
22 narration and I would object.
23 **THE COURT:** Yeah. I think if you just want to go
24 ahead and show -- I know who it is. And I know -- by now I
25 know who the police officers are. So if you could just play

1   it and start up.  And then I will let you argue the point
2   afterwards.
3           **MR. FRANKS:**  I did that because the video went
4   blank.
5           **THE COURT:**  I understand.
6           **MR. FRANKS:**  And the characterization and the
7   position of the people is different at this point.
8           **THE COURT:**  Okay.
9           (Video clip played in open court.)
10          **MR. FRANKS:**  That will conclude the videos that I
11  have for the Court --
12          **THE COURT:**  Okay.
13          **MR. FRANKS:**  -- at this point.
14          **THE COURT:**  Thank you.  Did you have anything else?
15          **MR. FRANKS:**  Oh.  Actually, I do want to read one
16  thing here.  This is a -- the government would characterize
17  this as exhibit -- I believe we are on Exhibit 5.  Is that big
18  enough to read?
19          **THE COURT:**  Yes.
20          **MR. FRANKS:**  This is a text message.  It says
21  "Jason" under it.  And it says:  "We just stormed the Capitol
22  building and pushed past police lines in the middle of batons
23  and tear gas.  I've got video inside.  Yes, we literally just
24  stormed the Capitol building and forward the police.  I have
25  video inside."  Then there's another response that says:

1  "That's badass."
2          This person right here we believe is the defendant.
3          **THE COURT:**  Okay.  And -- all right.
4          **MR. FRANKS:**  I've shown those videos and those
5  statements to emphasize what pretrial has concluded that the
6  release of the defendant would pose a danger to the community.
7  In the face of the police, what I believe those videos show,
8  is that the defendant not only participated in the riot, he
9  was a rioter.
10         He threw a bike rack onto armed police officers.  He
11 disobeyed their orders once he was able to get into the
12 Capitol.  The Court hopefully saw him right in their face.  In
13 the Capitol he reached over them and he pushed past them.
14         We believe that not only are the offenses serious
15 crimes, they show -- they are crimes of violence.  And we
16 believe that because of -- for all these reasons, the
17 defendant should be detained.
18         In addition, the defendant has had -- in addition to
19 the orders of protection that have been filed against him,
20 although they were dismissed and denied, recently he's had --
21 and I outline this in the detention motion -- a number of, two
22 incidents of alleged assault that he committed.
23         I have the police reports, if the Court would like
24 to see them.  Those cases were not prosecuted, but it shows,
25 in our opinion, a trend towards violence which also

1    contributes to our recommendation of detention for the
2    defendant.
3            **THE COURT:**  Okay.  Thank you.
4            Ms. Beimdiek, whenever you're ready.
5            **MS. BEIMDIEK:**  Judge, I will start with the pretrial
6    report.  You asked if we had any objections or disagreements.
7    I do disagree with the conclusion.  One small correction.
8    It's very minor on page 2.  It just notes that the defendant's
9    daughter lives in Hillsboro.  She actually lives in Union,
10   Missouri.  I don't think that has a bearing, but it's a
11   correction.
12           **THE COURT:**  Thank you.
13           **MS. BEIMDIEK:**  Regarding employment, I understand
14   that there's some discrepancy regarding what Mr. Wallis
15   described about his employment and what his fiancée . . .
16           They do have a business.  She is the owner of the
17   business.  She indicates she's prepared to make him a part of
18   that business.  He also does paint and dent repair work.  And
19   the two of them are building a home on the property where they
20   are living and so he is the general contractor on that
21   project.  That's -- the bulk of his time is spent working on
22   this home, and it's being funded by his wife's business that
23   he assists with.
24           I think it's important to also note, and the
25   pretrial services report notes, that Mr. Wallis has no felony

1  or misdemeanor convictions whatsoever.  The pretrial report
2  does indicate these orders of protection, but I think it's
3  important to note one was dismissed and two were denied.  So
4  those aren't even cases where the victims didn't show up;
5  that's where a Court found there was no basis for the issuing
6  of an order of protection.
7           The pretrial report also says, but without any
8  support, that he has had some failures to appear.  I can only
9  guess those are on traffic matters because the pretrial report
10 doesn't provide any additional information.  But it's not as
11 if he failed to appear for court on felonies or misdemeanors
12 cases.  So I don't think that's a heavy factor here.
13          I want to also talk about the fact that the
14 government did identify Mr. Wallis as a participant in the
15 January 6th events.  Based on the complaint that's been
16 provided to me, they had identified him as early as April 29th
17 of 2021 but made no effort to arrest him.  They made a further
18 identification of him in October of 2021 and made no effort to
19 arrest him.
20          On February 6th of 2023, they located him at his
21 residence and conducted surveillance, but made no effort to
22 arrest him.  He was arrested, I think, last Saturday at his
23 home.  He offered no resistance.
24          And then on Monday of this week, before he came to
25 court and appeared for his initial appearance, he traveled

1 back to his residence with the officers who arrested him
2 because they wanted access to some of the items that they
3 believed Mr. Wallis was wearing on January 6th.  He fully
4 cooperated with law enforcement, directed them to where those
5 items could be located, and did not offer any resistance to
6 them.
7           The government talks about these arrests for
8 assaults.  I want to address those as well.  The government
9 has provided me two reports.  The first is from August 28th of
10 2021, more than a year ago, regarding a dispute he had with
11 his landlord.  If charges were filed, they are not pending.
12 And it appears nothing has come of that allegation.
13           There's a second report that the government provided
14 to me dated September 1st of 2023 related to a domestic
15 incident at the defendant's residence.  I think it's important
16 to note in that case it was the defendant himself who called
17 the police and invited them to his home because of the
18 disturbance he had with his fiancée.  If he was evading
19 contact with law enforcement, he certainly wouldn't have
20 called them and asked them to come to his home.
21           He comes from a family of law enforcement.  His
22 father worked in law enforcement.  His father worked for the
23 Ste. Genevieve Sheriff's Department and did prisoner transport
24 work.
25           He is here today joined by his fiancée.  His

1  brother, who is here, who is very stable, who works for an
2  insurance or a healthcare agency.  He fully is supportive of
3  Mr. Wallis, his brother.  The family is prepared to assist him
4  in any way necessary for him to travel to Washington to
5  address these charges.  He's an Army veteran.  He is a high
6  school graduate.  He has some college education.
7        He does have -- as I said, he's working, building
8  this home.  He has trade skills that he does use.  And I think
9  the fact that this case has been almost three years in the
10 making and the government knew who he was, and now they are
11 suddenly saying that he needs -- he's a flight risk, he's a
12 danger to the community.  I think the record does not support
13 that.
14        Mr. Wallis would submit to any conditions the Court
15 might choose to impose, including location monitoring.  But I
16 believe that he can be safely released into the community.
17 The fact that he has no priors should weigh very heavily in
18 this Court's decision.  And his respect and cooperation with
19 law enforcement earlier this week should also be considered.
20        **THE COURT:**  Okay.  Anything else, Ms. Beimdiek?
21        **MS. BEIMDIEK:**  No.  Thank you, Judge.
22        **THE COURT:**  Okay.  Thank you.
23        Did you have anything else, Mr. Franks?
24        **MR. FRANKS:**  No, Your Honor.
25        **THE COURT:**  All right.  The Court is going to take

1  the matter under submission, issue a temporary order of
2  detention until that final order regarding the detention
3  hearing is entered.  And unless there's anything else, I
4  believe we can go ahead and go off the record and be in
5  recess.
6              Anything else, Counsel?
7              **MR. FRANKS:**  No.  Thank you, Judge.
8              **THE COURT:**  All right.  Thank you.
9              (The proceedings concluded at 11:23 a.m.)

*USA v. Wallis | 4:23-MJ-02188-JSD-2*

## CERTIFICATE

    I, Reagan A. Fiorino, do hereby certify that I am a duly appointed official court reporter for the United States District Court for the Eastern District of Missouri.

    I further certify the foregoing is a true and accurate transcription as heard and understood from the taped proceedings held in the above-entitled case as has been transcribed from said tape to the best of my ability.

    This reporter does not certify any transcript nor takes any responsibility for missing or damaged pages of this transcript when said transcript is copied and delivered by any party other than this reporter.

| December 21, 2023 | | /s/Reagan A. Fiorino |
|---|---|---|
| Date | ---- | Reagan A. Fiorino, RDR, RMR, CRR |